UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEGHAN WILT,<br><br>         Plaintiffs,<br><br>    v.<br><br>PFIZER, INC.,<br><br>         Defendant. | No.  2:24–cv–02060-TLN–CKD PS<br><br>ORDER GRANTING IFP REQUEST AND GRANTING LEAVE TO AMEND |

Plaintiff, who is proceeding without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1]  (ECF No. 2.)  See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees). Plaintiff's affidavit makes the required financial showing, and so plaintiff's request is granted.

However, the determination that a plaintiff may proceed without payment of fees does not complete the inquiry.  Under the IFP statute, the court must screen the complaint and dismiss any claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or seek monetary relief against an immune defendant.  28 U.S.C. § 1915(e)(2).  Further, the federal court has an independent duty to ensure it has subject matter jurisdiction in the case.  See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

---

[1] Actions in which a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21).  See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

I. **Allegations in the Complaint**

Plaintiff, a California resident, is suing defendant Pfizer, Inc., concerning its marketing and distribution of the Covid-19 vaccine in California. Plaintiff alleges that Pfizer systematically misled the public about the effectiveness of the vaccine "to secure public uptake and win highly lucrative government contracts." ECF No. 1 at 23. Plaintiff alleges that Pfizer repeatedly misrepresented the vaccine's efficacy, including (1) claims of 95% efficacy, (2) claims related to efficacy against transmission, (3) claims relating to the duration of vaccine protection, and (4) claims about the vaccine's efficacy against variants of the Covid-19 virus. Id. Plaintiff further alleges that Pfizer's misrepresentations resulted in the public's misunderstanding the vaccine's benefits and risks, including the risk of myocarditis, to their detriment. Id. at 55. Plaintiff seeks injunctive relief and damages against Pfizer. Id. at 61-62.

II. **Screening Requirement**

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

Rule 8(a) requires that a pleading be "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Each allegation must be simple, concise, and direct. Rule 8(d)(1); see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (overruled on other grounds) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim.").

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Rule 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix,

2

1   Inc., 795 F.3d 1062, 1065 (9th Cir. 2015).  To avoid dismissal for failure to state a claim, a
2   complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic
3   recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544,
4   555-57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action,
5   supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678
6   (2009).  Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a
7   claim to relief that is plausible on its face." Id.  "A claim has facial plausibility when the plaintiff
8   pleads factual content that allows the court to draw the reasonable inference that the defendant is
9   liable for the misconduct alleged." Id.
10        When considering whether a complaint states a claim upon which relief can be granted,
11  the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94
12  (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v.
13  Allain, 478 U.S. 265, 283 (1986).  The court is not, however, required to accept as true
14  "conclusory [factual] allegations that are contradicted by documents referred to in the complaint,"
15  or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v.
16  CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).
17     **III.    Analysis**
18        At the outset, the court notes that plaintiff, as a pro se litigant, can only bring and
19  prosecute claims on her own behalf, and not the general public.  Courts routinely adhere to the
20  general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a
21  representative capacity. Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008).
22        Second, plaintiff has not established a basis for federal jurisdiction.  The federal courts are
23  courts of limited jurisdiction.  In the absence of a basis for federal jurisdiction, plaintiff's claims
24  cannot proceed in this venue. The complaint asserts this court has subject matter jurisdiction on
25  the basis of a federal question, "specifically 28 U.S.C. § 2241 U.S.C. § 1983." (ECF No. 1 at 6.)
26  Section 2241 gives the power to grant a writ of habeas corpus and has no application here.
27        Section 1983 exists to redress violations of rights, privileges, or immunities secured by the
28  Constitution and federal laws by a person or entity acting under the color of state law.  See 42

1  U.S.C. § 1983.  Section 1983 provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

To state a claim pursuant § 1983, a plaintiff must plead facts indicating that the defendant acted under color of state law at the time the act complained of was committed and that the defendant deprived the plaintiff of the rights, privileges, or immunities secured by the Constitution or laws of the United States.  Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986).  Generally, private parties are not acting under color of state law, and their conduct does not constitute state action.  See Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991).  For the conduct of a private person or entity to constitute state action, there must generally be two elements: (1) the exercise of a state-created right, privilege, or rule of conduct (state policy); and (2) an actor who is either a state official, one who has acted together with a state official or has obtained significant aid therefrom, or one whose conduct is otherwise chargeable to the state (state actor).  Lugar v. Edmonson Oil Co., 457 U.S. 922, 937 (1982).

Plaintiff has pled no facts indicating that defendant is a state actor or was acting under the color of state law.  Therefore, plaintiff states no cognizable § 1983 claim, and there is no basis for federal question jurisdiction. Moreover, plaintiff's claim that defendant engaged in "false, deceptive, and misleading acts and practices" in violation of state law does not establish federal jurisdiction.  See ECF No. 1 at 6.

As the complaint fails to invoke the court's subject matter jurisdiction, it must be dismissed.  Nevertheless, in light of plaintiff's pro se status, the court finds it appropriate to grant plaintiff an opportunity to amend the complaint.

## STANDARDS FOR AMENDMENT

If plaintiff elects to file an amended complaint, this new pleading shall:

i.   be captioned "First Amended Complaint";
ii.  be limited to 20 pages, with text utilizing a font size of 12 Times New Roman or

equivalent and double spacing (*pages exceeding the 20-page limit will be summarily stricken and will not be considered part of plaintiff's operative pleading*);
   iii.   use numbered paragraphs;
   iv.   set forth her various claims in separate sections and clearly identify which defendants are allegedly at fault for each claim (e.g., Claim I against defendants X, Y, and Z, Claim II against defendants R and S, etc.);
   v.   under each section, list the factual allegations supporting that particular claim (for brevity, plaintiff may refer to specific prior paragraphs [i.e. "See ¶¶ 25, 34, and 42"], but in no case shall plaintiff "incorporate all preceding paragraphs" for any claims);
   vi.   include a general background facts section to orient the reader only as necessary;
   vii.   include her statements for jurisdiction, venue, and relief sought as is necessary;
   viii.   omit exhibits, documents, photos, or other such "evidence" of his claims (except for any contracts on which she bases any breach of contract claim);
   ix.   refrain from alleging redundant, immaterial, impertinent, or scandalous matters; and
   x.   address any other pleading deficiencies outlined above.

This amended complaint shall be filed within 28 days of this order.

      Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint, and once the first amended complaint is filed, the original complaint no longer serves any function in the case.

      Finally, nothing in this order requires plaintiff to file a first amended complaint. If plaintiff determines that she is unable to amend her complaint in compliance with the court's order at this juncture, she may alternatively file a notice of voluntary dismissal of her claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 28 days of this order.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff is granted 28 days from the date of this order in which she shall file either (a) an amended complaint in accordance with this order, or (b) a notice of voluntary dismissal of the action without prejudice; and
3. Failure to file either an amended complaint or a notice of voluntary dismissal by the

1  required deadline may result in the imposition of sanctions, including potential
2  dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure
3  41(b).

4  Dated: March 12, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

10  2/wilt2060.screening.grant ifp + leave to amend